IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **WOUND CENTRICS, LLC,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**LANDMARK HOLDINGS OF FLORIDA, LLC; LANDMARK MANAGEMENT SERVICES OF FLORIDA, LLC; and LANDMARK HOSPITAL OF SOUTHWEST FLORIDA, LLC;**<br><br>　　　　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19CV691DAK<br><br>Judge Dale A. Kimball |

　　　　　This matter is before the court on Defendants Motion to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction, or, In the Alternative, Based on Forum Non Conveniens [ECF No. 16]. The court vacated the hearing on this motion and allowed the parties to file supplemental briefing by May 11, 2020. Accordingly, the court considers the motion fully briefed. The court issues the following Memorandum Decision and Order based on the parties' briefing and the law and facts relevant to the pending motion.

　　　　　This case appears to be a straight forward contract dispute. Plaintiff alleges that it contracted with Defendants to provide services at hospitals in several states, including Utah, and Defendants failed to pay for those services. Plaintiff, therefore, sued Defendants in one of the states in which it performed services but was not compensated for them. Defendants, however, respond that they are not subject to personal jurisdiction in Utah for such a dispute because

Defendants took no actions in Utah and Plaintiff did not sue the Utah entity it did work for in Utah.  Defendants also argue that there is no subject matter jurisdiction in this case because Plaintiff has not identified the members of the Defendant LLCs and where those members reside.  "[F]or diversity purposes, an LLC is a citizen of every state in which its members reside."  *Hayman Properties, LLC, v. SJ Utah 3*, No. 2:17-CV-929-RJS-EJF, 2018 WL 4688392, * (D. Utah Sept. 28, 2018).  Plaintiff's Complaint does not identify the Defendant LLCs' members or their states of citizenship.

Because of the lack of information regarding Defendants' members, it is unclear whether this court has diversity jurisdiction over this dispute.  The court orders the Defendant LLCs, who have filed the motion to dismiss with this court, to file within twenty days of the date of this Order a disclosure statement identifying the names and states of citizenship of their members as of September 25, 2019, when this action was filed.

There are also factual disputes underlying the parties' briefing on the personal jurisdiction issues that could be clarified easily with limited jurisdictional discovery.  While Defendants claim that Plaintiffs work in Utah was for a Utah Landmark entity, Defendant do not identify the entity by name or explain its relationship to Defendants.  Prior to ruling on whether personal jurisdiction exists, the parties and court should be clear on the parties at issue, their ties to each other and Plaintiff, and their ties to Utah.  The court grants Plaintiff ninety days of jurisdictional discovery to obtain information regarding the relationship between the alleged Utah Landmark entity and the Defendants and the services Plaintiff provided to that Utah Landmark entity and/or Defendants in Utah.  Pending the limited jurisdictional discovery, Defendants motion to dismiss is denied without prejudice.  Within ten days of the close of discovery,

Plaintiff shall file an Amended Complaint identifying all relevant parties and their jurisdictional information. Defendants may renew their motion to dismiss at that time if they believe it is still warranted.

      Accordingly, Defendants Motion to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction, or, In the Alternative, Based on Forum Non Conveniens [ECF No. 16] is DENIED WITHOUT PREJUDICE.

      DATED this 12th day of May, 2020.

                                  BY THE COURT:

                                  DALE A. KIMBALL
                                  United States District Judge