Jonathan A. Dibble (0881)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jdibble@rqn.com

Matt W. Sherwood (*admitted pro hac vice*)
**BROWN & FORTUNATO, P.C.**
905 S. Fillmore, Suite 400
Amarillo, TX 79101
msherwood@br-law.com

*Attorneys for Plaintiff Wound Centrics, L.L.C.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WOUND CENTRICS, L.L.C., a Texas Limited Liability Company,<br><br>             Plaintiff,<br><br>v.<br><br>LANDMARK HOLDINGS OF FLORIDA, LLC; LANDMARK MANAGEMENT SERVICES OF FLORIDA, LLC; and LANDMARK HOSPITAL OF SOUTHWEST FLORIDA, L.L.C.,<br><br>             Defendants. | **PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR CONTINUANCE**<br><br>Case No. 2:19-cv-00691-DAK-CMR<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Wound Centrics, L.L.C. files this Motion to Compel and Motion for Continuance and respectfully shows the Court as follows:

### RELIEF SOUGHT

Plaintiff seeks to compel Defendants Landmark Holdings of Florida, LLC, Landmark Management Services of Florida, LLC, and Landmark Hospital of Southwest Florida, L.L.C. (collectively, "Defendants") to withdraw their improper written discovery objects, fully answer the personal jurisdiction discovery allowed by the Court's Memorandum Decision and Order

[ECF No. 32], and produce documents requested by Plaintiff's written discovery requests to each Defendant.

Plaintiff also requests a continuance of the Court's deadline for filing an "Amended Complaint identifying all relevant parties and their jurisdictional information" [ECF No. 32] until ten (10) days following the date on which the Court compels Defendants to respond to its June 10, 2020 jurisdictional discovery requests.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2020, the Court entered a Memorandum Decision and Order [ECF No. 32] relating to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Subject Matter Jurisdiction, or, In the Alternative, Based on Forum Non Conveniences [ECF No. 16]. The Order granted Plaintiff 90 days of jurisdictional discovery to obtain information regarding the relationship between the alleged Utah Landmark entity and the Defendant(s) and the services Plaintiff provided to that Utah Landmark entity and/or current Defendants in Utah [ECF No. 32]. Plaintiff's deadline to obtain this jurisdictional discovery is August 10, 2020.

On June 10, 2020, Plaintiff sent all three Defendants jurisdictional discovery requests. Plaintiff has attached this written discovery to each Defendant as the following exhibits:

1. Plaintiff's First Request for Admissions to Defendant Landmark Management Services of Florida, LLC; Plaintiff's First Set of Interrogatories to Defendant Landmark Management Services of Florida, LLC; and Plaintiff's First Request for Production to Defendant Landmark Management Services of Florida, LLC as Exhibit 1.

2. Plaintiff's First Request for Admissions to Defendant Landmark Hospital of Southwest Florida, LLC; Plaintiff's First Set of Interrogatories to Defendant Landmark Hospital of Southwest Florida, LLC; and Plaintiff's First Request for Production to Defendant Landmark Hospital of Southwest Florida, LLC as Exhibit 2.

3.    Plaintiff's First Request for Admissions to Defendant Landmark Holdings of Florida, LLC; Plaintiff's First Set of Interrogatories to Defendant Landmark Holdings of Florida, LLC; and Plaintiff's First Request for Production to Defendant Landmark Holdings of Florida as Exhibit 3.

On July 8, 2020, two days before their discovery response deadline, Defendants requested a seven day extension to answer Plaintiff's jurisdictional discovery requests. This request is attached as Exhibit 4. On July 9, 2020, Plaintiff agreed to such extension. On July 17, 2020, at approximately 7:00 p.m., Defendants served their responses to Plaintiff's jurisdictional discovery. The email serving Defendants' written discovery responses is attached as Exhibit 5, Defendant Landmark Management Services of Florida, LLC's Response to Plaintiff's First Set of Discovery Requests is attached as Exhibit 6, Defendant Landmark Hospital of Southwest Florida, LLC's Response to Plaintiff's First Set of Discovery Requests is attached as Exhibit 7, and Defendant Landmark Holdings of Florida, LLC's Response to Plaintiff's First Set of Discovery Requests is attached as Exhibit 8. All three sets of responses are substantially similar.

Defendants did not produce any documents in response to the 14 Requests for Production propounded to each of them by Plaintiff.

Further, all three Defendants stated in their responses to the jurisdictional discovery requests that they "will timely supplement" six of the Interrogatories and five of the Requests for Production. As of the date of this filing, 14 days later and a mere 10 days prior to the Court's imposed discovery deadline [ECF No. 32], Defendants have failed to supplement any of their responses.

On July 28, 2020, counsel for Plaintiff contacted counsel for Defendants stating the discovery responses served on July 17, 2020 were inadequate and requesting that they provide all responsive documents by close of business July 31, 2020. This email is attached as Exhibit 9.

Counsel for Plaintiff also requested a date within the next two weeks for a deposition of William Kapp, III related to the topics contained in the Court's order. Ex. 9. Defendants have failed to provide documents or dates for William Kapp III's deposition.

In response, on July 30, 2020, counsel for Defendants simply acknowledged the July 28th email and stated he would be in touch regarding supplementing the responses, if allowed by his client. This email is attached as Exhibit 10. As of the date of this filing, Defendants have failed to supplement any of their responses or provide "some of the additional information you [counsel for Plaintiff] have requested." Ex. 10.

<u>**ARGUMENTS AND AUTHORITIES**</u>

Plaintiff's written discovery requests are proper requests to seek personal jurisdiction discovery, as allowed by the Court's Memorandum Decision and Order [ECF No. 32]. Plaintiff seeks an order compelling Defendants to withdraw their improper objections and fully respond to all Requests for Admissions, Interrogatories, and Requests for Production. Plaintiff has explained the impermissible nature of Defendants' objections in greater detail below.

As aforementioned, Plaintiff propounded the same discovery requests on all three Defendant Landmark entities. Further, all Landmark entities responded to Plaintiff's discovery requests in a substantially similar manner.

### A.   Plaintiff's Requests for Admissions

- **<u>REQUEST FOR ADMISSION NO. 2</u>:** Admit [each Landmark entity] is bound by the terms of the Contract.

In response, each Landmark entity objects because the "request calls for a legal conclusion" and states that the request "goes beyond the scope of permissible discovery." These objections are impermissible, as Rule 36 specifically allows "a written request to admit . . . the

application of law to fact." FED. R. CIV. P. 36(a)(1)(A). Further, if any Landmark entity were bound by the terms of the contract, and therefore provided services under the contract in Utah,[1] personal jurisdiction would be proper.

- **REQUEST FOR ADMISSION NO. 4:** Admit that Plaintiff provided "Physician Staff," as defined in the Contract, to the Utah Hospital pursuant to the terms of the Contract.

In response, each Landmark entity objects because the "request is vague, ambiguous, overly broad and calls for a legal conclusion" and states that the request "goes beyond the scope of permissible discovery." These objections are impermissible. As stated above, Rule 36 specifically allows "a written request to admit . . . the application of law to fact." FED. R. CIV. P. 36(a)(1)(A). In addition, the terms "Contract," "Utah Hospital," and "Plaintiff" are specifically defined by Plaintiff in its Requests for Admissions. Therefore, Request for Admission No. 3 is not vague or ambiguous. Further, this request is in no way overbroad to the subject matter of the litigation or the Court's Memorandum Decision and Order [ECF No. 32].

Finally, if any Landmark entity provided "Physician Staff," as defined in the contract, to a Utah Hospital, as defined in the Requests for Admissions, personal jurisdiction would be proper.

- **REQUEST FOR ADMISSION NO. 5:** Admit that Plaintiff provided services to [each Landmark entity] in Utah pursuant to the Contract.

In response, each Landmark entity objects because the request "goes beyond the scope of permissible discovery." These objections are impermissible because, if any Landmark entity were bound by the terms of the contract, and therefore provided services under the contract in Utah, personal jurisdiction would be proper. In addition, each Defendant stated that it was not the

---

[1] All three Landmark entities admitted in response to Request for Admission No. 4, without withdrawing their objections, that "some of the services provided by Plaintiff appear to have been provided in Utah."

proper Landmark entity that was a signatory to the contract but failed to provide the name of the correct Landmark entity, if any, that signed the contract.

### B.     Plaintiff's Interrogatories

• **INTERROGATORY NO. 1:**  Identify which Landmark Entity was responsible for the payment of invoices to Plaintiff pursuant to the terms of the Contract.

In response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery." Each Landmark entity also stated that, "to the extent an Answer is required to this Interrogatory, Defendant will timely supplement its Answer." None of the three Defendants have supplemented their answers to this interrogatory.

Further, these objections are improper. If any Landmark entity was responsible for payment of invoices to Plaintiff pursuant to the terms of the contract, as defined in the requests, personal jurisdiction would be proper.

• **INTERROGATORY NO. 3:**  Identify the person(s) employed or contracted by Defendant(s) responsible for the management or oversight of the personnel provided by Plaintiff to the Utah Hospital pursuant to the Contract and identify each person(s)' role in this oversight.

In response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "timely supplement its Answer." None of the three Defendants have supplemented their answers to this interrogatory.

Further, these objections are improper. To determine which Defendant(s), if any, are proper parties to this lawsuit, Plaintiff must know the person(s) employed or contracted by Defendant(s) responsible for the management or oversight of the personnel provided by Plaintiff to staff Utah hospitals, pursuant to the terms of the contract.

• **INTERROGATORY NO. 4:**  Identify all individuals who were involved in paying invoices Plaintiff submitted pursuant to the Contract and each individual's specific role regarding said payment of invoices.

In response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "timely supplement its Answer." None of the three Defendants have supplemented their answers to this interrogatory.

Further, these objections are improper. To determine which Defendant(s), if any, are proper parties to this lawsuit, Plaintiff must know the person(s) employed or contracted by Defendant(s) responsible for payment of the invoices Plaintiff submitted pursuant to the contract.

- **INTERROGATORY NO. 5:**   Identify with as much specificity as possible all conversations which an agent of [each Landmark entity] had with agents or representatives of Plaintiff related to the Contract or Plaintiff's provision of services in Utah pursuant to the Contract.

In response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "timely supplement its Answer." None of the three Defendants have supplemented their answers to this interrogatory.

Further, these objections are improper. To determine which Defendant(s), if any, are proper parties to this lawsuit, Plaintiff must understand the relationship between the numerous Landmark entities and whether any of the three Defendants had responsibilities under the contract between Plaintiff and some related Landmark entity.

- **INTERROGATORY NO. 6:**   If you answered "deny" to Plaintiff's Requests for Admissions to [each Landmark entity] Nos. 4 and 5, explain why you allege [each Landmark entity] did not provide services in Utah pursuant to the Contract.

In response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery." Each Landmark entity also stated that it admitted Request for Admission No. 4 but denied Request for Admission No. 5 "based on the fact that any services provided in Utah would have been provided for the separate Utah hospital entity, which is not a

party to this action." However, conveniently, all three Defendants fail to specifically name this entity.

Further, these objections are improper. If any Landmark entity provided "Physician Staff," as defined in the contract, to a Utah Hospital, as defined in the Requests for Admissions, personal jurisdiction would be proper. Also, if any Landmark entity were bound by the terms of the contract, and therefore provided services under the contract in Utah, personal jurisdiction would be proper.

- **INTERROGATORY NO. 7:** Identify all occasions within the last five years in which a member, manager, director, and/or officer of [each Landmark entity] traveled to Utah for any business purpose related to the Utah Hospital that is part of the Contract. Provide the name, date, and length of stay for each such occasion.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome," and states that the request "goes beyond the scope of permissible discovery . . . to the extent business travel to Utah is not relevant to the test to determine personal jurisdiction." Each Landmark entity also stated that each would "timely supplement its Answer." None of the three Defendants have supplemented their answers to this interrogatory.

These objections are impermissible. This request is not overbroad to the subject matter of the litigation or the Court's Memorandum Decision and Order [ECF No. 32], especially if none of the three Defendants is the correct entity, as alleged by Defendants throughout this lawsuit without further support by any Defendant. Further, Defendants misread the Interrogatory, as Plaintiff is only requesting the occasions on which a member, manager, director, and/or officer of each Landmark entity traveled to Utah for any business purpose *related to* the Utah Hospital, as defined in the First Set of Interrogatories, that is part of the contract.

### C.    Plaintiff's Requests for Production

- **REQUEST FOR PRODUCTION NO. 2:**    Produce documents evidencing any payment(s), if any, made by any Defendant to Plaintiff for work performed by Wound Centrics Utah pursuant to the Contract.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "produce any documents relevant to this Request between this Defendant and Plaintiff involving any services provided in Utah." None of the three Defendants have produced any documents in response to this request.

These objections are impermissible. If any Landmark entity was responsible for payment of invoices to Plaintiff pursuant to the terms of the contract, as defined in the requests, personal jurisdiction would be proper. Therefore, this request is not overly broad or unduly burdensome.

- **REQUEST FOR PRODUCTION NO. 3:**    Produce any and all documents demonstrating which Defendant entity provided the payment(s), if any, made by Defendant(s) to Plaintiff for the services performed by Wound Centrics in Utah pursuant to the Contract.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "produce any documents relevant to this Request regarding payments made by this Defendant to Plaintiff involving any services provided in Utah." None of the three Defendants have produced any documents in response to this request.

These objections are impermissible. If any Landmark entity was responsible for payment of invoices to Plaintiff pursuant to the terms of the contract, as defined in the requests, personal jurisdiction would be proper. Therefore, this request is not overly broad or unduly burdensome.

- **REQUEST FOR PRODUCTION NO. 6:**    Produce any and all documents identified or relied upon in your answers to Plaintiff's First Set of Interrogatories to [each Landmark entity].

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery." Each Landmark entity also stated that it could "include communications protected from discovery by the attorney-client privilege and the work product doctrine."

These objections are impermissible, as documents identified or relied on in answering Plaintiff's permissible interrogatories are permissible discovery, as explained more in depth above. Plaintiff does not seek to compel any privileged documents.

- **REQUEST FOR PRODUCTION NO. 7:** Produce any and all daily, weekly, and/or monthly reports of activity, payroll records, travel records, labor records, and timesheets of Physician Staff, as defined in the Contract, provided by Plaintiff to Defendant(s) in Utah in your possession, custody, or control.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery."

These objections are impermissible, as the requested documents are intended to ascertain the Landmark entity or entities employing the "Physician Staff," as defined in the contract between Plaintiff and a Landmark entity, in Utah. The Physician Staff's employer(s) would be subject to the personal jurisdiction of this Court.

- **REQUEST FOR PRODUCTION NO. 8:** Produce records maintained by you that track or record the services that Plaintiff provided in Utah pursuant to the Contract.

In response, each Landmark entity objects because the "Request is vague, ambiguous, overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery."

These objections are impermissible, as the requested documents are intended to ascertain which Landmark entity or entities tracked or kept record of the services provided by Plaintiff in

Utah pursuant to the contract between Plaintiff and a Landmark entity. Again, this relationship would subject Defendant(s) to the personal jurisdiction of this Court.

- **REQUEST FOR PRODUCTION NO. 9:** Produce all contracts between you and Plaintiff related to the hospital in Murray or Salt Lake City, Utah, which is the hospital referenced in the Contract.

Once again, in response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery."

These objections are impermissible, as the requested documents are intended to ascertain which Landmark entity or entities had a contractual relationship with Plaintiff related to the Utah hospital referenced in the contract attached to Plaintiff's Original Complaint [ECF 1]. Again, this contractual relationship would subject Defendant(s) to the personal jurisdiction of this Court.

- **REQUEST FOR PRODUCTION NO. 11:** Produce all documents supporting your contention that Utah is an improper forum and/or venue for this lawsuit.

Unsurprisingly, in response, each Landmark entity objects because the "Request goes beyond the scope of permissible discovery" and is "overly broad." Defendant also states that it may "include communications protected from discovery by the attorney-client privilege and the work product doctrine."

These objections are impermissible, as this request is specifically tailored to the documents that Defendants believe support their contention that Utah is an improper forum and/or venue for this lawsuit. Again, Plaintiff does not seek to compel any privileged documents.

- **REQUEST FOR PRODUCTION NO. 12:** Produce all records of payments made to Plaintiff for any services Plaintiff provided to the Utah Hospital since January 1, 2017.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery." Each

Landmark entity also stated that each would "timely supplement its Response to this Request with any records of payment made to Plaintiff by this Defendant." None of the three Defendants have produced any documents in response to this request.

These objections are impermissible, as the requested documents are intended to ascertain which Defendant(s), are proper parties to this lawsuit and which the Court has personal jurisdiction over. In order to do that, Plaintiff must discover which Landmark entity or entities paid Plaintiff for the services Plaintiff provided in Utah.

- **REQUEST FOR PRODUCTION NO. 13:** Produce records evidencing payments you sent to or received from the Utah Hospital since January 1, 2017.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery."

These objections are impermissible, as the requested documents are intended to ascertain which defendant(s), are proper parties to this lawsuit and which the Court has personal jurisdiction over. In order to do that, Plaintiff must discover which Landmark entity or entities had a relationship with the hospital defined in the contract attached to Plaintiff's Original Complaint.

- **REQUEST FOR PRODUCTION NO. 14:** Produce all accounting entries, including entries into a general ledger, general journal, or any similar accounting document, that evidence payments to Plaintiff for services Plaintiff performed at the Utah Hospital.

In response, each Landmark entity objects because the "Request is overly broad, unduly burdensome" and states that the request "goes beyond the scope of permissible discovery." Each Landmark entity also stated that each would "timely supplement its Response to this Request with any records of payment made to Plaintiff by this Defendant." None of the three Defendants have produced any documents in response to this request.

These objections are impermissible, as the requested documents are intended to ascertain which Defendant(s), are proper parties to this lawsuit and which the Court has personal jurisdiction over. In order to do that, Plaintiff must discover which Landmark entity or entities paid Plaintiff for the services Plaintiff provided in Utah.

## MOTION FOR CONTINUANCE

As demonstrated by the briefing above, all three Defendants wholly failed to adequately respond to the personal jurisdiction propounded on them by Plaintiff pursuant to the Court's Memorandum Decision and Order [ECF No. 32]. Therefore, Plaintiff requests a continuance of the Court's deadline for filing an "Amended Complaint identifying all relevant parties and their jurisdictional information" until 10 days following the date on which the Court compels Defendants to respond to its June 10, 2020 jurisdictional discovery requests.

## PRAYER

WHEREFORE, Plaintiff, respectfully request that the Court set this matter for hearing, and, after such hearing, order Defendants to fully respond to the foregoing discovery requests, including producing all responsive documents. Plaintiff further prays for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 37 related to this Motion. Plaintiff prays for all other general or special relief to which it is entitled.

Respectfully submitted,

BROWN & FORTUNATO, P.C.

*/s/ Matt W. Sherwood*
Matt W. Sherwood *(admitted pro hac vice)*
BROWN & FORTUNATO, P.C.
905 South Fillmore, Suite 400
Amarillo, Texas 79101

Jonathan A. Dibble
RAY QUINNEY & NEBEKER P.C.

*Attorneys for Plaintiff Wound Centrics, L.L.C*

## CERTIFICATE OF CONFERENCE

Plaintiff has, in good faith, has conferred with counsel for Defendants regarding Defendants' failure to make disclosure or discovery in an effort to obtain it without court action.

By:   */s/ Matt W. Sherwood*
Matt W. Sherwood

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2020, a true and correct copy of the foregoing document was served on the following:

Kenneth Goleaner
kgoleaner@sandbergphoenix.com

Kevin M. Bischoff
kevin@snjlegal.com

By:   */s/ Matt W. Sherwood*
Matt W. Sherwood

F:\DOCS\6174\003\DRAFT_MOTI\2HO2467 DOCX

| Exhibit 1 | Plaintiff's First Set of Interrogatories to Defendant Landmark Management Services of Florida, LLC |
|---|---|
| Exhibit 2 | Plaintiff's First Request for Admission to Defendant Landmark Hospital of Southwest Florida, LLC |
| Exhibit 3 | First Request for Admissions to Landmark Holdings, LLC |
| Exhibit 4 | Email to M. Sherwood from K. Goleaner 7.8.2020 |
| Exhibit 5 | Email from Shantel Shurtleff to J. Dibble and M. Sherwood 7.17.2020 |
| Exhibit 6 | Defendant Landmark Management Services of Florida LLC Response to Plaintiff's First Set of Discovery Requests |
| Exhibit 7 | Defendant Landmark Hospital of SW Florida LLC Response to Plaintiff's First set of Discovery Requests |
| Exhibit 8 | Defendant Landmark Holdings Response to Plaintiff First Set of Discovery Requests |
| Exhibit 9 | Email from M. Sherwood to J. Dibble and Brittany Hinton 7.28.2020 |
| Exhibit 10 | Email from K. Goleaner to M. Sherwood, K. Bischoff 7.30.2020 |